Per Curiam.
This suit was brought on a promissory note payable to the Bank of Grenada, which sued for the use of William Minter. The defendants pleaded payment, and attempted to make an oifset, by introducing the notes of the bank. To defeat the offset, the plaintiff introduced a witness who proved that the note was taken to be discounted in bank, but that it never had been discounted, and never was the property of the bank, but that it had been transferred by Chisholm <$£ Minter, to whom it was originally given in payment of a debt, to William Minter, for a valuable consideration. The president of the bank, was also introduced, who proved that the note-never had been discounted by the bank. Chisholm & Minter, it seems, were the agents of the bank, and authorized to make advances on cotton and take notes, and the defendant’s counsel insists that this note was taken by them as agents, and is still the property of the bank. The court admitted this explanatory ^ proof, and ruled out the offset.
That it is competent for the real holder to sue on a note made payable to a bank for the purpose of being discounted, but which is not discounted, was settled in the case of the Commercial Bank of Natchez v. Claiborne, 5 Howard, 301. That it is competent for the real holder in such case to sue . in the name of the bank, and to resist an offset in the notes of the bank, by proof that the note never belonged to the bank, was fully settled in the case of Graves v. The Mississippi and Alabama Railroad Company, 6 Howard, 548. This case is not distinguishable in any one feature from that, and the decision is therefore conclusive against the plaintiffs in error.
If it had been fully established that Chisholm & Minter acted as the agents of the bank in taking this note, the question might be different, but the weight of testimony preponderates greatly against any such conclusion.

Judgment affirmed.